**UNITED STATES DISCTRIC COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRAVEEN NARAYANASETTY

            Plaintiff,

    - against -

METROPOLITAN TRANSPORTATION
AUTHORITY; NEW YORK CITY TRANSIT
AUTHORITY; RAMAKRISHNAN SESHAN
PATHAI, individually; and RAFAIL
PORTNOY, individually

            Defendants.

1:25-cv-09266 (PAE)

**ANSWER TO FIRST
AMENDED COMPLAINT**

Defendants Metropolitan Transportation Authority ("MTA"), New York City Transit Authority ("NYCT"), Ramakrishnan Seshan Pathai ("Pathai"), and Rafail Portnoy ("Portnoy") (together "Defendants"), by and through their attorney, answers Plaintiff's First Amended Complaint ("FAC")[1] as follows:

1.      Defendants deny the allegations in paragraph 1 of the FAC, except admit that Plaintiff purports to proceed as set forth therein.

2.      Defendants deny the allegations in paragraph 2 of the FAC.

3.      Defendants deny the allegations in paragraph 3 of the FAC.

4.      Defendants deny the allegations in paragraph 4 of the FAC, except admit that Plaintiff purports to proceed as set forth therein

---

[1] Defendants were never served with the original complaint in this matter.

5.    Defendants deny the allegations in paragraph 5 of the FAC, except admit that Plaintiff purports to establish jurisdiction as set forth therein, and respectfully refers all questions of law to the Court.

6.    Defendants deny the allegations in paragraph 6 of the FAC, except admit that Plaintiff purports to establish venue as set forth therein, and respectfully refers all questions of law to the Court.

7.    Defendants deny the allegations in paragraph 7 of the FAC, except admit that a Charge of Discrimination (EEOC Charge No. 16F-2025-00106) was cross filed with the Equal Employment Opportunity Commission and the New York City Commission on Human Rights. Defendants further deny that Plaintiff received a Right-to-Sue Notice at the time the original Complaint or the FAC was filed. Defendants respectfully refer all questions of law to the Court.

8.    Defendants deny the allegations in paragraph 8 of the FAC and respectfully submits all questions of law to the Court.

9.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the FAC.

10.    Defendants deny the allegations in paragraph 10 of the FAC, except to admit that Defendant MTA is a New York public benefit corporation and respectfully submits all questions of law to the Court.

11.    Defendants deny the allegations in paragraph 11 of the FAC, except to admit that Defendant NYCT is an affiliate of the MTA and respectfully submits all questions of law to the Court.

12.    Defendants deny the allegations in paragraph 12 of the FAC, except admit that Defendant Pathai was Plaintiff's direct supervisor and Deputy Chief Technology Officer at the MTA.

13.    Defendants deny the allegations in paragraph 13 of the FAC, except admit that Defendant Portnoy is the Chief Technology Officer at the MTA.

14.    Defendants deny the allegations in paragraph 14 of the FAC, except admit that Plaintiff began his employment with the MTA on or about August 25, 2022 as Deputy Chief Workforce Products.

15.    Defendants deny the allegations in paragraph 15 of the FAC.

16.    Defendants deny the allegations in paragraph 16 of the FAC.

17.    Defendants deny the allegations in paragraph 17 of the FAC, except admit that the reporting structures of the IT department were realigned in 2023.

18.    Defendants deny the allegations in paragraph 18 of the FAC.

19.    Defendants deny the allegations in paragraph 19 of the FAC, except admit that Plaintiff spoke with Giglia Moldovan in or around May 2024.

20.    Defendants deny the allegations in paragraph 20 of the FAC, except admit that Plaintiff took FMLA leave in 2024 and received an Absolute Final Warning for insubordination on September 5, 2024.

21.    Defendants deny the allegations in paragraph 21 of the FAC.

22.    Defendants deny the allegations in paragraph 22 of the FAC.

23.    Defendants deny the allegations in paragraph 23 of the FAC.

24.    Defendants deny the allegations in paragraph 24 of the FAC.

25.    Defendants deny the allegations in paragraph 25 of the FAC.

26.     Defendants deny the allegations in paragraph 26 of the FAC, except to admit that Plaintiff was terminated on October 10, 2024.

27.     Defendants deny the allegations in paragraph 27 of the FAC.

28.     Defendants deny the allegations in paragraph 28 of the FAC.

29.     Defendants deny the allegations in paragraph 29 of the FAC.

30.     Defendants deny the allegations in paragraph 30 of the FAC.

## FIRST CAUSE OF ACTION

### (Discrimination Based on National Origin and Ancestry – Title VII; 42 U.S.C § 1981; NYSHRL; NYCHRL)

31.     Defendants repeat the responses contained in each and every above paragraph as if said responses were set forth herein.

32.     Defendants deny the allegations in paragraph 32 of the FAC.

33.     Defendants deny the allegations in paragraph 33 of the FAC.

34.     Defendants deny the allegations in paragraph 34 of the FAC.

35.     Defendants deny the allegations in paragraph 35 of the FAC.

36.     Defendants deny the allegations in paragraph 36 of the FAC.

37.     Defendants deny the allegations in paragraph 37 of the FAC.

## SECOND CAUSE OF ACTION

### (Retaliation – Title VII (42 U.S.C. § 2000e-3); 42 U.S.C § 1981; NYSHRL; NYCHRL)

38.     Defendants repeat the responses contained in each and every above paragraph as if said responses were set forth herein.

39.     Defendants deny the allegations in paragraph 39 of the FAC.

40.     Defendants deny the allegations in paragraph 40 of the FAC.

41.     Defendants deny the allegations in paragraph 41 of the FAC.

42.    Defendants deny the allegations in paragraph 42 of the FAC.

43.    Defendants deny the allegations in paragraph 43 of the FAC.

## THIRD CAUSE OF ACTION

### (Hostile Work Environment – Title VII; 42 U.S.C § 1981; NYSHRL; NYCHRL)

44.    Defendants repeat the responses contained in each and every above paragraph as if said responses were set forth herein.

45.    Defendants deny the allegations in paragraph 45 of the FAC.

46.    Defendants deny the allegations in paragraph 46 of the FAC.

47.    Defendants deny the allegations in paragraph 47 of the FAC.

48.    Defendants deny the allegations in paragraph 48 of the FAC.

49.    Defendants deny the allegations in paragraph 49 of the FAC.

50.    Defendants deny the allegations in paragraph 50 of the FAC.

## DAMAGES

51. Defendants deny the allegations in paragraph 51 of the FAC, including all subsections.

## PRAYER FOR RELIEF

52. Defendants deny the allegations in paragraph 52 of the FAC.

53. Defendants deny the allegations in paragraph 53 of the FAC.

54. Defendants deny the allegations in paragraph 54 of the FAC.

55. Defendants deny the allegations in paragraph 55 of the FAC.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint, Defendants assert the following defenses without assuming any burden of proof Defendants do not have as a matter of law:

## FIRST DEFENSE

The Complaint, and each purported claim contained therein, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

To the extent Plaintiff has suffered damages or loss, which Defendants deny, Plaintiff has failed to mitigate his alleged damages.

## THIRD DEFENSE

Plaintiff's alleged damages, injuries or losses were not actually or proximately caused by Defendants or contributed to by Defendants.

## FOURTH DEFENSE

Plaintiff's claims are barred by reason of laches, waiver, estoppel and/or any other available equitable defense.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of res judicata and/or collateral estoppel.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to comply with statutory, administrative, jurisdictional requirements, notice requirements, and/or conditions precedent to maintaining this action.  This also includes exhaustion of all remedies as required in the relevant collective bargaining agreement.

### SEVENTH DEFENSE

To the extent Defendants discover evidence of acts or occurrences as to which it would have, if known to it, discharged Plaintiff, Plaintiff will be barred from recovery from Defendants from the point of discovery.

### EIGHTH DEFENSE

The Complaint fails to state a claim for compensatory damages

### NINTH DEFENSE

Any recovery of compensatory damages against Defendants is limited by statute.

### TENTH DEFENSE

If Defendants or their employees or agents engaged in any of the unlawful acts alleged in the Complaint, which Defendants deny, then it and they did not engage in such acts intentionally, with malice and/or with reckless indifference to Plaintiff's protected rights.

### ELEVENTH DEFENSE

Any verdict in the within action for past, present, or future medical benefits, pension, past or future loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part by any collateral source.

### TWELFTH DEFENSE

Insofar as Plaintiff purports to allege a claim for physical or mental and emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law, Art. 2 §§ 10-11.

**THIRTEENTH DEFENSE**

All actions taken by Defendants with regard to Plaintiff were based on reasonable factors and legitimate business reasons, were not pretextual, and were not motivated or based on discriminatory or retaliatory animus.

**FOURTEENTH DEFENSE**

All employment actions taken by Defendants with respect to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons, were lawful, proper, and appropriate, and Defendants acted at all times in good faith and never with negligence, willfulness or malice. Plaintiff's claims are barred on the grounds that even if any of Defendants' decisions concerning Plaintiff were based in part on discriminatory grounds, Defendants would have reached the same decision absent any partially discriminatory motive.

**FIFTEENTH DEFENSE**

Defendants exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment, and retaliation. Plaintiff unreasonably failed to promptly report any alleged discrimination or harassment under Defendants' written policy, or take advantage of any preventative or corrective opportunities provided by Defendants, or to avoid harm otherwise, and her claims are barred in whole or in part for failure to exhaust internal remedies.

**SIXTEENTH DEFENSE**

Plaintiff did not suffer any adverse employment action due to any unlawful, unjustified or unreasonable conduct by Defendants.

## SEVENTEENTH DEFENSE

Plaintiff has not suffered any damages attributable to Defendants.

## EIGHTEENTH DEFENSE

To the extent Plaintiff failed to reasonably mitigate his alleged damages, any entitlement to which is expressly denied, Plaintiff's claims for damages are barred in whole or in part.

## NINETEENTH DEFENSE

To the extent applicable, Plaintiff's claims for damages may be barred and/or limited by the after-acquired evidence doctrine.

## TWENTIETH DEFENSE

Plaintiff's damages are limited by statutory "caps."

## TWENTY-FIRST DEFENSE

Defendants are not liable for punitive damages because Defendants did not commit any knowing, wanton, intentional, or malicious acts against Plaintiff, nor did Defendants authorize or ratify such acts by any employees, managing agents, officers, or directors, nor did Defendants act with reckless indifference to any of Plaintiff's rights.

## TWENTY-SECOND DEFENSE

Plaintiff is estopped from pursuing each purported claim in the Complaint by reason of Plaintiff's own actions and course of conduct.

## TWENTY-THIRD DEFENSE

Plaintiff has waived the right, if any, to pursue each purported claim in the Complaint by reason of Plaintiff's own actions and course of conduct.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent that they exceed the applicable statutes of limitation.

## TWENTY-SIXTH DEFENSE

Insofar as any of Defendants' hiring, assignment, transfer, or compensation policies, or any other employment policy or procedure utilized by Defendants, has had an adverse impact on Plaintiff, such policies are nevertheless lawful because they are job-related and consistent with business necessity.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred because any alleged differential treatment of Plaintiff by Defendants was undertaken pursuant to a *bonafide* merit system, *bonafide* seniority system, or other *bonafide* factors.

## TWENTY-EIGHTH DEFENSE

Upon information and belief, Plaintiff lacks standing to bring some or all of the claims alleged in this action and/or to obtain the relief requested and has failed properly to allege standing to assert any or all of the claims attempted to be alleged in the Complaint.

## TWENTY-NINTH DEFENSE

Plaintiff is not entitled to punitive damages for Plaintiff's claims, including Plaintiff's claims brought pursuant to the New York State and New York City Human Rights Laws, and in any event the Complaint fails to state facts sufficient to support an award of punitive damages against Defendants.

### THIRTIETH DEFENSE

As a public benefit corporation performing an essential public function in providing commuter transportation, Defendants and their employees sued in their official capacities are exempt from the imposition of the punitive damages claimed in the Complaint.

### THIRTY-FIRST DEFENSE

Upon information and belief, New York Public Authorities Law §§ 1221 and 1266(8) bar the claims asserted in the Complaint pursuant to the New York City Administrative Code, because Defendants are not subject to the New York City Human Rights Law.

### THIRTY-SECOND DEFENSE

Defendants reserves its rights to assert such other and further defenses should such defenses become known to Defendants during the course of this action.

**WHEREFORE**, Defendants respectfully request this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendants their costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Date: March 23, 2026
New York, New York

/s/ Brian Confino_____

Brian Confino
Senior Associate Counsel
Metropolitan Transportation Authority
Office of General Counsel
2 Broadway, 4th Floor
New York, NY 10004
(212) 878-1059

*Attorneys for Defendants MTA,
Seshan Pathai, and Rafail Portnoy*